```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE MIDDLE DISTRICT OF GEORGIA
                        ATHENS DIVISION
```

DAVID R. MULKEY, JR.,              *

    Plaintiff,                    *

vs.                                *
                                              CASE NO. 3:11-CV-123 (CDL)
UNITED STATES DEPARTMENT OF THE    *
ARMY, SAVANNAH DISTRICT OF THE
CORPS OF ENGINEERS, and COLONEL    *
JEFFREY M. HALL, In His
Official Capacity as Commander     *
of the Savannah District,
                                   *
    Defendants.
                                   *

## O R D E R

After numerous violations of the conditions of Plaintiff's shoreline use permit, the Army Corps of Engineers permanently revoked Plaintiff's permit. Plaintiff sought judicial review of the Corps' decision, and the Court affirmed the revocation (ECF No. 22). Prior to the effective date of the revocation, the Corps also notified Plaintiff that it was imposing a five year moratorium on the issuance of any shoreline use permit on all public land directly adjacent to Plaintiff's lakefront property. That moratorium has the effect of preventing any subsequent owner of the property from obtaining a shoreline use permit for a five year period. Plaintiff has transferred the property to a trust for the benefit of his children and wishes for the trust to be able to obtain a shoreline use permit. For that to

happen, he must have the moratorium set aside, which is the relief he presently seeks from this Court.[1]  Mot. to Set Aside, ECF No. 30.

Although the Court finds the imposition of the five year moratorium to be a harsh consequence of Plaintiff's non-compliant conduct, the Court is not authorized to substitute its judgment for that of the Corps.  The decision by the Corps is subject to the "exceedingly deferential" arbitrary and capricious standard.  *Miccosukee Tribe of Indians of Fla. v. United States*, 566 F.3d 1257, 1264 (11th Cir. 2009) (internal quotation marks omitted).  Under this standard, the Court may only overturn the moratorium if it was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."  5 U.S.C. § 706(2)(A).  Having thoroughly reviewed the matter, the Court cannot find that the Corps' decision was arbitrary, capricious, or an abuse of discretion.  Nor does it violate any other statutory provision or regulation.  Notwithstanding the creative lawyering of Plaintiff's able counsel, the issue for the Court is a simple one.  Plaintiff violated the conditions of his shoreline use permit on multiple occasions.  His disrespectful attitude toward the Corps

---

[1] The Court has serious doubts as to whether Plaintiff has standing to seek review of this administrative decision by the Corps given the fact that he apparently is no longer the owner of the property.  But, for purposes of this Order, the Court assumes that Plaintiff has standing to seek the relief sought.

supported the Corps' conclusion that Plaintiff felt he was above the law.  In the process, Plaintiff unlawfully damaged public property.  As the Court previously found, the Corps was legally justified in permanently revoking his shoreline use permit. Feb. 16, 2012 Hr'g Tr., ECF No. 23.  Similarly, the Court finds that the Corps had legal justification for imposing the five year moratorium to restore the damaged property.  A decision by this Court setting aside that moratorium would simply be the substitution of its judgment for that of the Corps.  While hubris may make such a ruling tempting, the law does not permit it.  No statutory grounds exist to set aside the decision by the Corps.

The Court also rejects Plaintiff's arguments that the imposition of the moratorium violated his constitutional rights. Plaintiff was fully aware that his access to public property adjacent to his lakefront home was a privilege that had certain conditions attached.  He abused that privilege by violating the conditions of his shoreline use permit.  He had ample notice of the serious consequences that could result from his conduct; yet, he flagrantly violated the rules on numerous occasions.  He has received all of the process that he is due under the United States Constitution and cannot now seek constitutional protection from the consequences that his own serious misconduct has wrought.  The imposition of the revocation and associated

3

moratorium do not deprive him of any constitutionally protected right.  Accordingly, Plaintiff's motion to set aside the five year moratorium (ECF No. 30) is denied.

IT IS SO ORDERED, this 11th day of June, 2013.

                                          S/Clay D. Land
                                                CLAY D. LAND
                                    UNITED STATES DISTRICT JUDGE